IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2072-FL

| | | |
|---|---|---|
| SYLVESTER E. HARDING, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SANDRA THOMAS | ) | |
| | ) | |
| Respondent. | ) | |

This matter came before the court on respondent's motion for summary judgment (DE # 10) pursuant to Federal Rule of Civil Procedure 56, to which petitioner responded. Also before the court are petitioner's motion to amend (DE # 7), motion for summary judgment (DE # 8), motions for a writ of mandamus (DE #s 13, 15), and motion for an evidentiary hearing (DE # 19). Respondent responded to petitioner's motions for a writ of mandamus, but did not respond to petitioner's remaining motions. In this posture, these matters are ripe for adjudication. For the following reasons, the court grants petitioner's motion to amend, denies without prejudice both petitioner and respondents' motions for summary judgment, denies petitioner's motions for a writ of mandamus, and denies as moot petitioner's motion for an evidentiary hearing.

**STATEMENT OF CASE**

On May 12, 2010, petitioner was convicted in the Cumberland County Superior Court of possession with intent to manufacture, sell, or deliver cocaine, felonious maintaining a vehicle used for keeping or selling a controlled substance, misdemeanor driving while license revoked, and displaying a fictitious registration plate. State v. Harding, 716 S.E.2d 87 (N.C. App. 2011).

Petitioner also pleaded guilty to having attained the status of habitual felon. Id. Petitioner then was sentenced to a term of ninety-three (93) to one hundred twenty-one (121) months imprisonment. Id. Upon petitioner's motion for reconsideration, the trial court vacated its judgment and re-sentenced him to a mitigated range sentence of eighty-two (82) to one hundred eight (108) months imprisonment. Id. Petitioner then filed a notice of appeal. Id.

On September 6, 2011, the North Carolina Court of Appeals entered an order reversing petitioner's conviction for maintaining a vehicle for the keeping or selling of controlled substances, but found no error as to the remainder of petitioner's conviction and sentence. Id. On November 9, 2011, the North Carolina Supreme Court denied petitioner's pro se petition for discretionary review. State v. Harding, 365 N.C. 362, 718 S.E.2d 394 (2011). Petitioner subsequently was re-sentenced to a term of eighty-two (82) to one hundred eight (108) months imprisonment. Resp't's Mem. Ex. 7.

On February 10, 2012, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the North Carolina Supreme Court. Resp't's Mem. Ex. 9. The Supreme court dismissed petitioner's MAR. Id.

On March 16, 2012, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner alleges the following grounds for relief: (1) he received ineffective assistance of counsel; (2) he was subjected to an unlawful search and seizure in violation of the Fourth Amendment to the United States Constitution; (3) he was subjected to "raced based policing" in violation of his right to due process pursuant to the Fourteenth Amendment to the United States Constitution; and (4) he was subjected to misconduct by the state because it produced a witness who

made misleading statements. Petitioner subsequently filed a motion to amend his complaint and a motion for summary judgment.

On July 3, 2012, respondent filed a motion for summary judgment, arguing that petitioner failed to fully and properly exhaust his administrative remedies. Alternatively, respondent argues that petitioner's grounds for relief are procedurally barred, conclusory, and without merit. The matter was fully briefed. Petitioner subsequently filed two petitions for a writ of mandamus and a motion for an evidentiary hearing.

## DISCUSSION

A. Motion to Amend

Petitioner seeks leave to amend his petition to supplement his allegations. In accordance with Federal Rule of Civil Procedure 15(a), petitioner's motion is GRANTED. See Fed.R.Civ.P. 15(a).

B. Summary Judgment

1. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587

3

Case 5:12-hc-02072-FL   Document 22   Filed 02/15/13   Page 3 of 6

(1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

    2.    Analysis

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254 (b)(1)(A). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal citations omitted). This exhaustion requirement compels a habeas petitioner to "invok[e] one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

Although the exhaustion requirement is not jurisdictional, the requirement is strictly enforced. Hendrick v. True, 443 F.3d 342, 346 (4th Cir. 2006) (citing Granberry v. Greer, 481 U.S. 129, 131 (1987); Rose v. Lundy, 455 U.S. 509, 522 (1982)). By giving state courts the first opportunity to review a claim, the exhaustion requirement "prevent[s] unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution." Picard v. Conner, 404 U.S. 270, 275 (1971) (internal quotation marks omitted).

In this case, petitioner did not raise any of the claims he presented in his § 2254 petition on direct appeal. Petitioner did raise at least some of his habeas claims in his petition for discretionary review in the supreme court. This, however, is insufficient to satisfy § 2254's exhaustion requirement. See Castille v. Peoples, 489 U.S. 346, 351 (1980) (raising a claim for the first time in a discretionary petition to a state appellate court is insufficient to exhaust state court remedies). Petitioner's MAR, filed in the North Carolina Supreme Court, also was insufficient to satisfy the

4

§ 2254's exhaustion requirement because it was not a properly filed MAR. See N.C.R. App. P. 21(e) (providing that, generally, appeals of orders of the trial court denying motions for appropriate relief shall be filed in the court of appeals); N.C. Gen. Stat. § 15A-1422(c)(3). Based upon the foregoing, the record reflects that petitioner failed to fairly present in state court the grounds for which he now seeks federal relief. Because the merits of petitioner's § 2254 petition are not yet ripe, the pending motions for summary judgment are DENIED without prejudice.

Having found that petitioner failed to exhaust his state court remedies for his habeas claims, the court turns to the issue of whether it should stay the action and hold it in abeyance pending petitioner's completion of the exhaustion process in state court. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005); Rhines v. Weber, 544 U.S. 269, 275, 278 (2005); Hyman v. Keller, No. 10-6652, 2011 WL 3489092, *11 (4th Cir. Aug. 10, 2011). Accordingly, the court allows the parties the opportunity to brief the issue in accordance with the terms set forth infra.

C. Petitions for a Writ of Mandamus

Petitioner's petitions for a writ of mandamus essentially request that the court order that the parties engage in discovery. A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 cases states "[a] judge may, for good cause, authorize a party to conduct discovery." Additionally, pursuant to Rule 6(b), "[a] party requesting discovery must provide reasons for the request." In this case, petitioner has not established good cause for discovery. Therefore, his requests for discovery are DENIED.

## CONCLUSION

For the foregoing reasons, petitioner's motion to amend (DE # 7) is GRANTED. Both petitioner and respondents' motions for summary judgment (DE # 8, 10) are DENIED without prejudice. Petitioner is permitted fourteen (14) days to move the court to stay this action and hold it in abeyance while he exhausts his state court remedies. Respondent has seven days thereafter to file a response. If petitioner fails to move this court to stay this action, the court will dismiss this action, without prejudice, to allow him to return to state court to exhaust his remedies. Because petitioner has not exhausted his state court remedies and the merits of the habeas petition are not yet ripe, the court DENIES as premature his motion for an evidentiary hearing (DE # 19). Finally, petitioner's petitions for a writ of mandamus (DE #s 13, 15) are DENIED.

SO ORDERED, this the 15th day of February, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge