IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2072-FL

| | | |
|---|---|---|
| SYLVESTER E. HARDING, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SANDRA THOMAS | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion to stay (DE 23), motion for summary judgment (DE 26), motion for a telephone or video conference (DE 27), motions to supplement (DE 30, 32), and motion for writ of assistance (DE 31). Respondent responded to petitioner's motion to stay, but did not respond to petitioner's remaining motions. In this posture, the issues raised are ripe for adjudication.

## BACKGROUND

The court has extensively detailed the procedural posture of this action in its February 15, 2013, order. For ease of reference, a pertinent portion of the statement of the case set forth in that order is restated here:

> On May 12, 2010, petitioner was convicted in the Cumberland County Superior Court of possession with intent to manufacture, sell, or deliver cocaine, felonious maintaining a vehicle used for keeping or selling a controlled substance, misdemeanor driving while license revoked, and displaying a fictitious registration plate. State v. Harding, 716 S.E.2d 87 (N.C. App. 2011). Petitioner also pleaded guilty to having attained the status of habitual felon. Id. Petitioner then was sentenced to a term of ninety-three (93) to one hundred twenty-one (121) months imprisonment. Id. Upon petitioner's motion for reconsideration, the trial court vacated its judgment and

re-sentenced him to a mitigated range sentence of eighty-two (82) to one hundred eight (108) months imprisonment. Id. Petitioner then filed a notice of appeal. Id.

On September 6, 2011, the North Carolina Court of Appeals entered an order reversing petitioner's conviction for maintaining a vehicle for the keeping or selling of controlled substances, but found no error as to the remainder of petitioner's conviction and sentence. Id. On November 9, 2011, the North Carolina Supreme Court denied petitioner's pro se petition for discretionary review. State v. Harding, 365 N.C. 362, 718 S.E.2d 394 (2011). Petitioner subsequently was re-sentenced to a term of eighty-two (82) to one hundred eight (108) months imprisonment. Resp't's Mem. Ex. 7.

On February 10, 2012, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the North Carolina Supreme Court. Resp't's Mem. Ex. 9. The Supreme court dismissed petitioner's MAR. Id.

On March 16, 2012, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner alleges the following grounds for relief: (1) he received ineffective assistance of counsel; (2) he was subjected to an unlawful search and seizure in violation of the Fourth Amendment to the United States Constitution; (3) he was subjected to "raced based policing" in violation of his right to due process pursuant to the Fourteenth Amendment to the United States Constitution; and (4) he was subjected to misconduct by the state because it produced a witness who made misleading statements. Petitioner subsequently filed a motion to amend his complaint and a motion for summary judgment.

On July 3, 2012, respondent filed a motion for summary judgment, arguing that petitioner failed to fully and properly exhaust his administrative remedies. . . . The matter was fully briefed. Petitioner subsequently filed two petitions for a writ of mandamus and a motion for an evidentiary hearing.

On February 15, 2013, the court entered an order granting petitioner's motion to amend, denying as premature petitioner's motion for an evidentiary hearing, and denying his petitions for a writ of mandamus. The court also denied without prejudice the respective motions for summary judgment filed by both petitioner and respondent. The court, in its order, also determined that

2

petitioner failed to exhaust his state court remedies for his habeas claims. Accordingly, the court allowed petitioner the opportunity to file a motion to stay this action while he exhausts his state court remedies.

On February 28, 2013, petitioner filed his motion to stay, and the issue was fully briefed. Petitioner thereafter filed a motion for summary judgment, a motion for a telephone or video conference, motions to supplement, and a motion for a writ of assistance.

**DISCUSSION**

A. Motions to Supplement

Petitioner filed two motions to supplement the record. For good cause shown, petitioner's motions are GRANTED.

B. Motion for discovery

Petitioner, in his motion to stay, requests that the court order discovery in this action. A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 cases states "[a] judge may, for good cause, authorize a party to conduct discovery." Additionally, pursuant to Rule 6(b), "[a] party requesting discovery must provide reasons for the request." In this case, petitioner has not established good cause for discovery. Therefore, petitioner's motion for discovery is DENIED.

C. Motion for a Writ of Assistance

Petitioner's motion for a writ of assistance states as follows: "Now comes the petitioner: Mr. Harding III to motion this court thru the Clerk to provide the respondent counsel with a true copy of the petitioner motion enclosed given the respondent counsel's statement as to the petitioner

3

presenting of documents to the courts and themselves. This working as a prejudice to the petitioner." Pet'r's Mot. (DE 31) pp. 1-2. The court is unsure what relief petitioner requests, thus this motion is DENIED.

D.      Motion for a Telephone/Video Conference

Petitioner requests that the court conduct a telephone or video conference in this case. The court finds no ground to grant such a request at this time. Thus, petitioner's motion is DENIED.

E.      Motion to Stay

Petitioner, in his motion to stay, argues that he has exhausted his state court remedies because he raised the instant claims on direct appeal. The court finds it appropriate to first consider this issue.

In its February 15, 2013, the court stated that petitioner failed to exhaust his state court remedies because he failed to raise the instant claims on direct appeal or in a properly filed MAR. Petitioner now argues that he raised the instant claims on direct appeal because he filed a *pro se* motion to amend his appellate brief in the North Carolina Court of Appeals in accordance with Faretta v. California, 422 U.S. 806 (1975), which was dismissed without prejudice on April 12, 2011.[1] See (DE 23, p. 2); Pl.'s Mot. (DE 30), Attach. Petitioner further presented evidence that he asked his appellate counsel to raise the instant claims on direct appeal, but that his counsel refused to comply with his request. Based upon this new evidence, the court assumes, without deciding, that petitioner fairly presented the instant claims on direct appeal. See Smith v. Digmon, 434 U.S. 332,

---

[1] The United States Supreme Court in Faretta v. California, 422 U.S. 806 (1975), held that a criminal defendant's Sixth Amendment right to represent himself. Id. at 820. The court notes that although a criminal defendant has a constitutional right to self-representation at trial pursuant to the Sixth Amendment, Faretta, 422 U.S. at 821, there is no federal constitutional right to self-representation on appeal. Martinez v. Court of Appeal, 528 U.S. 152, 161 (2000).

4

333-34 (1978) (finding that a claim raised in petitioner's brief but not addressed by the state appellate court satisfies exhaustion). Additionally, as stated in the court's February 15, 2013, order, the record reflects that petitioner raised at least some of the instant claims in his petition for discretionary review in the North Carolina Supreme Court. Based upon the foregoing, the court reconsiders its February 15, 2013, finding that petitioner failed to exhaust his state court remedies, and finds that petitioner has presented evidence to suggest that he exhausted his state court remedies for the instant claims. Accordingly, petitioner's motion to stay is DENIED as moot.

F.     Petitioner's Motion for Summary Judgment

The party seeking summary judgment pursuant to Federal Rule of Civil Procedure 56(a) bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Petitioner has not met his burden for summary judgment purposes. Thus, petitioner's motion for summary judgment is DENIED.

## CONCLUSION

For the foregoing reasons, petitioner's motions to supplement (DEs 30, 32) are GRANTED. Petitioner's motion for summary judgment (DE 26), motion for a telephone/video conference (DE 27), and motion for a writ of assistance (DE 31) are DENIED. Petitioner's motion to stay (DE 23) is DENIED as MOOT. Dispositive motions addressing the merits of petitioner's claims are due within twenty-one (21) days of this order.

SO ORDERED, this the 21st day of August, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge