IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2072-FL

| | |
|---|---|
| SYLVESTER E. HARDING, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNNAMED RESPONDENT and ) | |
| SANDRA THOMAS ) | |
| ) | |
| Respondents. ) | |

This matter came before the court on respondent's second motion for summary judgment (DE 38) pursuant to Federal Rule of Civil Procedure 56, to which petitioner responded. Also before the court is petitioner's unopposed motion for summary judgment (DE 42). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion, but denies petitioner's motion.

**STATEMENT OF CASE**

The court has extensively detailed the procedural posture of this action in its August 21, 2013, order. For ease of reference, a pertinent portion of the statement of the case set forth in that order is restated here:

> On May 12, 2010, petitioner was convicted in the Cumberland County Superior Court of possession with intent to manufacture, sell, or deliver cocaine, felonious maintaining a vehicle used for keeping or selling a controlled substance, misdemeanor driving while license revoked, and displaying a fictitious registration plate. State v. Harding, [No. COA11–161, 2011 WL 3891789 (N.C. App. Sept. 6, 2011) (unpublished)]. Petitioner also pleaded guilty to having attained the status of habitual felon. Id. Petitioner then was

sentenced to a term of ninety-three (93) to one hundred twenty-one (121) months imprisonment. Id. Upon petitioner's motion for reconsideration, the trial court vacated its judgment and re-sentenced him to a mitigated range sentence of eighty-two (82) to one hundred eight (108) months imprisonment. Id. Petitioner then filed a notice of appeal. Id.

On September 6, 2011, the North Carolina Court of Appeals entered an order reversing petitioner's conviction for maintaining a vehicle for the keeping or selling of controlled substances, but found no error as to the remainder of petitioner's conviction and sentence. Id. On November 9, 2011, the North Carolina Supreme Court denied petitioner's pro se petition for discretionary review. State v. Harding, 365 N.C. 362, 718 S.E.2d 394 (2011). Petitioner subsequently was re-sentenced to a term of eighty-two (82) to one hundred eight (108) months imprisonment. Resp't's Mem. Ex. 7.

On February 10, 2012, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the North Carolina Supreme Court. Resp't's Mem. Ex. 9. The Supreme court dismissed petitioner's MAR. Id.

On March 16, 2012, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. [On March 26, 2012, Magistrate Judge William A. Webb entered an order of deficiency notifying petitioner that his original habeas petition filed on March 16, 2012, was not on the proper form. The court provided petitioner with the correct form and directed him to correct the deficiency. Petitioner complied and filed his petition on the correct form on April 2, 2012.] Petitioner alleges the following grounds for relief: (1) he received ineffective assistance of counsel; (2) he was subjected to an unlawful search and seizure in violation of the Fourth Amendment to the United States Constitution; (3) he was subjected to "raced based policing" in violation of his right to due process pursuant to the Fourteenth Amendment to the United States Constitution; and (4) he was subjected to misconduct by the state because it produced a witness who made misleading statements. Petitioner subsequently filed a motion to amend his complaint [to supplement the claims he asserted in his habeas petition] and a motion for summary judgment.

On July 3, 2012, respondent filed a motion for summary judgment, arguing that petitioner failed to fully and properly exhaust his administrative remedies. . . . The matter was fully briefed. Petitioner subsequently filed two petitions for a writ of mandamus and a motion for an evidentiary hearing.

On February 15, 2013, the court entered an order granting petitioner's motion to amend, denying as premature petitioner's motion for an evidentiary hearing, and denying his petitions for a writ of mandamus. The court also denied without prejudice the respective motions for summary judgment filed by both petitioner and respondent. The court, in its order, also determined that petitioner failed to exhaust his state court remedies for his habeas claims. Accordingly, the court allowed petitioner the opportunity to file a motion to stay this action while he exhausts his state court remedies.

On February 28, 2013, petitioner filed his motion to stay, and the issue was fully briefed. Petitioner thereafter filed a motion for summary judgment, a motion for a telephone or video conference, motions to supplement, and a motion for a writ of assistance.

On August 21, 2013, the court entered an order in which it reconsidered its prior determination that petitioner failed to exhaust his state court remedies, and found that petitioner presented evidence to suggest that he exhausted his state court remedies. As a result, the court denied as moot petitioner's motion to stay. The court also granted petitioner's motion to supplement, but denied his remaining motions.

On August 29, 2013, respondent filed a motion for summary judgment again arguing that petitioner failed to exhaust his administrative remedies. Alternatively, respondent contends that petitioner's claims are without merit. The motion was fully briefed. Petitioner subsequently filed a motion for summary judgment, to which respondent did not respond.

## STATEMENT OF FACTS

The facts as summarized by the North Carolina Court of Appeals are as follows:

> The State's evidence tended to show that, at about 1:00 a.m. on 17 December 2008, Fayetteville Police Officer Allison Brown observed defendant, whom she had previously cited for driving while license revoked, driving a Hummer vehicle affixed with a dealer's registration tag. When defendant drove into a McDonald's parking

3

lot, a woman exited her vehicle and entered defendant's vehicle. Shortly thereafter, the officer initiated a traffic stop of defendant's vehicle and subsequently seized a small "baggy" containing a white powdery substance from both defendant and from the woman. After a field test of the contents of the two bags indicated a positive result for cocaine, Officer Brown packaged the white powder found on the person of the woman and of defendant. The officer then brought the two packages to the evidence locker room at the police department and marked, sealed, and initialed each package. The bags were subsequently delivered to the State Bureau of Investigation ("SBI") where an SBI chemist tested the white powder in each of the bags and determined that the powder was cocaine.

Defendant was indicted for possession with intent to manufacture, sell, or deliver cocaine, felonious maintenance of a vehicle to keep or sell a controlled substance, misdemeanor driving while license revoked, and displaying a fictitious registration plate, and was issued a special indictment for attaining habitual felon status. Defendant moved to suppress the evidence seized by the officers at the scene, which the trial court denied. The case was heard before a jury, which returned guilty verdicts on each of the four charged offenses; defendant pled guilty to attaining habitual felon status. On 12 May 2010, the court entered a judgment sentencing defendant to a minimum term of 93 months and a maximum term of 121 months imprisonment. Upon defendant's motion for reconsideration, the court heard evidence in mitigation of defendant's sentence. As a result, the trial court vacated its judgment and entered a new judgment with the mitigated sentence of 82 months to 108 months imprisonment. Defendant gave written notice of appeal.

Harding, 2011 WL 3891789, at *1.

**DISCUSSION**

A.  Summary Judgment

    1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden

4

of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

    2.    Analysis

        a.    Race-Based Policing

Petitioner asserts that his rights pursuant to the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution were violated due to race based policing because the law enforcement officer initiated the traffic stop on the grounds that a white female entered his vehicle. Beginning with petitioner's due process claim, the court finds that petitioner did not provide any factual basis for this claim. The Fourth Circuit has made clear that "[u]nsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogation on other grounds recogn'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999); Jones v. Polk, 401 F.3d 257, 270-271 (4th Cir. 2005). Thus, the court GRANTS respondent's motion for summary judgment as to this claim.

To the extent petitioner alleges that the traffic stop violated his rights pursuant to the Equal Protection Clause of the United States Constitution, his claim is meritless. "To succeed on an equal protection claim, [petitioner] 'must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or

6

purposeful discrimination.'" Veney v. Wyche, 293 F.3d 726, 730–31 (4th Cir. 2002) (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)). Here, petitioner has failed to identify any other defendant who was similarly situated and treated differently. See Veney, 293 F.3d 726, at 731; see also Bethea v. Director, Dep't of Corr., No. 3:09cv770, 2011 WL 2491056, at *4 (E.D. Va. June 22, 2011), appeal dismissed by, 452 F. App'x 391 (4th Cir. 2011) (per curiam). Thus, the court GRANTS respondent's motion for summary judgment as to this claim.

      b.      Prosecutorial Misconduct

Petitioner contends that the State violated his constitutional rights because it produced a witness who made misleading statements as to qualification and time of qualification. In support of this claim, petitioner argues that the prosecution presented North Carolina State Bureau of Investigation ("SBI") Agent B.P. Dewell as an expert at trial, while knowing that the Agent Dewell did not qualify as an expert witness.

In order to establish a claim for prosecutorial misconduct, a petitioner must demonstrate: "(1) that the prosecutor's remarks and conduct were, in fact, improper and (2) that such remarks or conduct prejudiced the defendant to such an extent as to deprive the defendant of a fair trial." United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007) (citing United States v. Golding, 168 F.3d 700, 702 (4th Cir. 1999)).

Petitioner's claims regarding Agent B.P. Dewell's qualifications as an expert witness or the admissibility of the drugs into evidence at trial are questions of state law and "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Spencer v. Murray, 5 F.3d 758, 762 (4th Cir. 1993). "It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented."

7

Spencer, 5 F.3d at 762 (internal quotation marks omitted); Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960).

In this case, petitioner has not provided any evidence that the prosecutor acted improperly or that any evidence at trial was admitted improperly. Additionally, petitioner has not explained how he was prejudiced by the alleged prosecutorial misconduct. Further, petitioner has presented nothing more than conclusory allegations, which are insufficient for habeas relief. Nickerson, 971 F.2d at 1136. Therefore, the court GRANTS respondent's motion for summary judgment as to this claim.

        c.        Fourth Amendment

Petitioner alleges a Fourth Amendment claim on the grounds that the "Police Officer based stop and other action on a white female entering [his] car." Pet. p. 8. Respondent contends that petitioner has not properly presented his Fourth Amendment claim to the state courts and, thus, it is now procedurally barred. Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement, an inmate must fairly present his claims to the state court. This exhaustion requirement compels a habeas petitioner to "invok[e] one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the Supreme Court of North Carolina for discretionary review, or by filing a MAR and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-27, 7A-31, 15A-1422. A habeas petitioner has the burden of proving that a claim is exhausted. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994).

8

A claim that has not been adequately presented to the state courts may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner now attempted to present it. Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000); Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). A claim treated as exhausted and consequently procedurally defaulted because it now would be procedurally barred in state court can overcome the default if the petitioner can demonstrate cause and actual prejudice and/or a miscarriage of justice. Baker, 220 F.3d at 288 (citing Gray v. Netherland, 518 U.S. 152, 162 (1996)); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991). To show cause, a petitioner must show something external prevented him from complying with the state procedural rule. Coleman, 501 U.S. at 753. To show prejudice, a petitioner must show he was actually prejudiced as a result of the alleged violation of federal law. United States v. Frady, 456 U.S. 152, 168 (1982).

In this case, petitioner did not raise his Fourth Amendment claim in his direct appeal but was in an adequate position to do so because the denial of petitioner's motion to suppress specifically states that it was denied because it was not supported by an affidavit as required by state law. (Resp.'s Mem. Ex. 3, p. 22.) Petitioner did raise this issue in his petition for discretionary review filed in the North Carolina Court of Appeals. However, raising a claim for the first time on discretionary review does not constitute fairly presenting his claim to the state courts. See Castille v. Peoples, 489 U.S. 346, 351 (1989) (raising a claim for the first and only time in a procedural context in which the merits will not be considered absent "special and important reasons" does not constitute "fair presentation."); cf. Felton v. Barnett, 912 F.2d 92, 94-95 (4th Cir. 1990) (noting that certiorari is a form of discretionary review and the denial of certiorari often has nothing to do with the merits). As a result of not properly raising his current claims in state court, petitioner now is

9

procedurally barred from raising them in state court. See N.C. Gen. Stat. § 15A-1419(a)(3) (stating that habeas claim should be denied, absent cause and prejudice, when defendant was in adequate position to have raised it on direct appeal, but did not do so); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001) (holding § 15A-1419 is mandatory); Williams v. French, 146 F.3d 203, 208-09 (4th Cir. 1998) (holding § 15A-1419(a)(3) to be an independent and adequate state procedural bar, precluding federal habeas review); McCarver v. Lee, 221 F.3d 583, 588-89 (4th Cir. 2000) (holding § 15A-1419(a)(3) is an independent and adequate state procedural bar). Accordingly, this court may not review the merits of petitioner's claims unless he can demonstrate "good cause" and "actual prejudice," or that he suffered a "fundamental miscarriage of justice." N.C. Gen. Stat. § 15A-1419(b).

In support of his allegation that he had good cause for not raising this issue on direct appeal, petitioner alleges that he attempted to raise the issue before the court of appeals, but that it was ignored by his counsel. The Sixth Amendment right to counsel includes the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that counsel's representation was objectively unreasonable and that a reasonable probability exists that, but for the attorney's error, he would have prevailed on his appeal. Smith v. Robbins, 528 U.S. 259, 285 (2000) (citing Strickland, 466 U.S. at 687-88). Appellate counsel is not required to assert all non-frivolous issues on appeal, "but rather may select from among them in order to maximize the likelihood of success on appeal." Smith, 528 U.S. at 288. Reviewing courts must presume that in determining which issues to appeal, appellate counsel selected those issues most likely to afford relief. Pruett v. Thompson, 996 F. 2d 1560, 2568 (4th Cir. 1993).

10

As discussed below, petitioner's Fourth Amendment claim is meritless. Appellate counsel is not required to pursue a meritless claim. Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir 2010) ("Counsel is not required to engage in the filing of futile motions."). As a result, petitioner has not established cause for his procedural default, and his claim is procedurally barred.

Alternatively, the court determines the merits of petitioner's Fourth Amendment claim. The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures. U.S. Const. amend. IV. In Terry v. Ohio, 392 U.S. 1 (1968), the Supreme Court held that an officer may, consistent with the Fourth Amendment, conduct a "brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlaw, 528 U.S. 119, 123 (2000) (citing Terry, 392 U.S. at 30). Whether reasonable suspicion exists to justify the stop depends on the "totality of the circumstances, including information known to the officers and any reasonable inferences to be drawn at the time of the stop." United States v. Williams, 450 F. App'x. 245, 246 (4th Cir.2011); United States v. Washington, 457 F. App'x. 346, 347 (4th Cir.2011) (citing United States v. Sokolow, 490 U.S. 1, 8 (1989)). The Fourth Amendment requires the suppression of evidence that is the fruit of an unlawful stop. Wong Sun v. United States, 371 U.S. 471, 484 (1963).

Reasonable suspicion is an objective test. The court considers the facts as they were known to the officer, not the officer's subjective beliefs. United States v. Foreman, 369 F.3d 776, 781 (4th Cir. 2004). Reasonable suspicion must exist at the time of the stop, not after the fact. United States v. Haines, 42 F. App'x 554, 557 (4th Cir.2002). The determination of reasonable suspicion must credit the professional experience of the police officers who observe criminal activity on a regular

11

basis. Haines, 42 F. App'x at 557 (citing United States v. Lender, 985 F.2d 151, 154 (4th Cir.1993)).

Here, the record reflects that the law enforcement officer who stopped petitioner had previously stopped petitioner for driving with his license revoked. (Resp's Ex. 10, Tr. p. 41.) The record further reflects that the officer observed petitioner enter a McDonald's parking lot in a Hummer with dealer tags. (Id. pp. 41-42.) The officer then observed a woman exit her car and enter petitioner's car. (Id. p. 42.) The officer testified that, based on her training and experience, she suspected a possible drug transaction. (Id. p. 43.) At that point, the officer initiated a traffic stop. (Id.)

After initially speaking with petitioner, the officer asked petitioner's passenger if she had anything illegal, and the passenger handed the officer cocaine stating that she bought it from petitioner. (Id. p. 46.) Another officer, who arrived on the scene, asked petitioner if he had anything illegal, and petitioner responded that he had some cocaine in his shoe. (Id. pp. 106-107.) Petitioner then removed his shoe and handed the cocaine to the officer. (Id.) Considering a totality of the circumstances, these facts support an objective reasonable suspicion that criminal activity was afoot, namely driving without a licence and a drug transaction. See United States v. Johnson, 599 F.3d 339, 346 (4th Cir. 2010) (finding reasonable suspicion of drug activity where the defendant was observed making hand-to-hand contact with multiple people and appeared to be waiting to meet them); United States v. Roach, 477 F. App'x 993, 997 (4th Cir. 2012) ("This court has held that the reasonable suspicion standard 'may be satisfied by an officer's objectively reasonable suspicion that drugs are present in a vehicle that he lawfully stops.'") (quoting United States v. Sakyi, 160 F.3d 164, 169 (4th Cir. 1998)). Based upon the foregoing, the court finds that petitioner's Fourth

12

Amendment claim is meritless, and GRANTS respondent's motion for summary judgment as to this claim.

        d.       Ineffective Assistance of Counsel

Petitioner argues that his trial counsel was ineffective for failing to provide a supporting affidavit for petitioner's motion to suppress the evidence obtained as a result of the alleged illegal search. As stated, the Sixth Amendment right to counsel includes the right to the effective assistance of counsel. Strickland, 466 U.S. at 686. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must establish a two-prong test. First, a petitioner must show that the counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time. Id. This court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Petitioner must overcome "a strong presumption that counsel's representation was within the wide range of reasonable professional assistance" and establish "that counsel made errors so serious that counsel was not functioning as the counsel guaranteed [him] by the Sixth Amendment." Harrington v. Richter, 131 S.Ct. 770, 787 (2011).

For the second prong, petitioner must show there is a "reasonable probability" that, but for the deficiency, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. Even then, however, habeas relief may be granted under Strickland only if the "result of the proceeding was fundamentally unfair or unreliable." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993); Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998).

As stated above, the court has determined that petitioner's Fourth Amendment challenge to the search at issue in this action is meritless. Accordingly, the court finds that petitioner has not

demonstrated that his counsel acted unreasonably or that he suffered prejudice. Thus, respondent's motion for summary judgment is GRANTED as to this claim.

e. Conclusory Claims Asserted in Original Petition

Finally, the court turns to several statements petitioner made in his original *pro se* petition for a writ of habeas corpus filed on March 16, 2012, but did not include in his properly filed habeas petition on April 2, 2012. In his March 16, 2012, filing, petitioner made the following statements:

> 4th Amendment Rights. Action of Fayetteville Police Dept.
> 5th Amendment Rights. And 14th Amendment Rights
> Due Process-access to court-Equal Protection
> 4th Amendment Rights. Effectiveness of Counsel
> Trial and direct appeal. Right to present pro se appellant brief
>
> 8th Amendment Right. Cruel and unusual punishment
> Double punishment. Double Jeopardy
> Right to Stand by Counsel: Among others.

Pet. (DE 1), p. 2.

To the extent these claims are separate from the claims discussed supra, they constitute nothing more than conclusory allegations which do not entitle a habeas petitioner to an evidentiary hearing. Jones, 401 F.3d at 270-271; Nickerson, 971 F.2d at 1136. Thus, petitioner is not entitled to habeas relief for these claims.

In addition to the conclusory claims raised in his original petition, petitioner attempts to raise several new claims in response to respondent's motion for summary judgment. Such claims include, but are not limited to, a double jeopardy claim and a claim challenging his habitual felon status.[1]

---

[1] The court notes that on July 18, 2013, petitioner filed documentation indicating that he filed a MAR challenging his habitual felon status. See (DE 33). There is no indication of whether the MAR has ruled upon petitioner's petition. Further, as stated, petitioner has not amended the instant action to include this claim.

14

Petitioner has not sought to amend the petition to include these claims. Thus, these claims are not properly before the court and have not been considered. See Caraballo v. Ingram, 5:10-CT-3056-FL, 2012 WL 699518, at *5 (E.D.N.C. Mar. 1, 2012) (holding that claims raised for the first time in response to summary judgment are not properly before the court and must be dismissed). Accordingly, these claims are DISMISSED without prejudice.

B.  Petitioner's Motion for Summary Judgment

Petitioner's motion for summary judgment is conclusory and is not supported by any evidence. Thus, petitioner's motion is DENIED. See Abcor Corp v. AM Int'l, Inc., 916 F.2d 924, 929 (4th Cir. 1990) ("Mere assertions by the plaintiff are not enough to survive summary judgment.").

C.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

15

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 38) is GRANTED. To the extent petitioner has asserted new claims in response to respondent's motion for summary judgment, such claims are DISMISSED without prejudice. Petitioner's motion for summary judgment (DE 42) is DENIED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 20th day of March, 2014.

                                         LOUISE W. FLANAGAN
                                         United States District Judge